IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HECTOR ALEXANDER CARRASCO ACOSTA, Petitioner, | ) | Civil No. 26-2002 |
| v. | ) | |
| LEONARD ODDO, et. al., Respondents. | ) | |

**MEMORANDUM OPINION**

Pending before the court is a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 4) filed by petitioner Hector Alexander Carrasco Acosta ("Acosta"), a citizen and national of Honduras. Respondents filed a Response to the petition (ECF No. 10). The petition is ripe for decision.

Acosta has been in custody for approximately three months while his asylum claim is under review (ECF No. 4-2). He is currently detained at the Moshannon Valley Processing Center in Philipsburg, Pennsylvania. Acosta seeks either immediate release or an individualized bond hearing (ECF No. 4 at 9). Acosta asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a), rather than mandatory detention under § 1225(b)(2) and as such, he contends that he is entitled to a bond hearing in which the government will bear the burden of proof. *Id.* at 16-17, 36.

Respondents contend that Acosta is an arriving alien and is therefore subject to mandatory detention. Respondents, however, recognize the binding precedent in this circuit, in *Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, 2026 WL 2546223 (3rd Cir. Aug.

28, 2026). Respondents suggest that if the court were inclined to grant relief, a bond hearing would be sufficient to satisfy due process.

In *Buele Morocho,* the Court of Appeals for the Third Circuit concluded that noncitizens detained in the interior of the United States are detained under § 1226(a) and are therefore entitled to an individualized bond hearing. In the present case, both parties acknowledge that Acosta was present in the country at the time of his most recent arrest. Following *Buele Morocho*, the court concludes that Acosta's detention is governed by § 1226(a). Because his detention is governed by § 1226(a), Acosta has a statutory right to an individualized bond hearing.

The burden of proof at this bond hearing will remain on Acosta. *See Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018) (finding that the burden of proof always remains on the detainee under § 1226(a)); *see also Abdoulaye Ba v. Oddo*, No. 26-1466, 2026 WL 2529806, at *2 (W.D. Pa. Aug. 27, 2026). The court notes that, even if a burden-shifted bond hearing for § 1226(a) detainees could be considered by this court, the court would not shift the burden because Acosta's detention (approximately three months) has not become unreasonably prolonged. *German Santos v. Warden Pike Cty. Corr. Facility*, 965 F.3d 203, 210-11 (3d Cir. 2020); *C.f. Foula Bah, v. Oddo*, No. 3:26-CV-01393, 2026 WL 2561261, at *3 (W.D. Pa. Aug. 31, 2026) (concluding that the burden of proof shifted where the petitioner had been detained for over eleven months).

Conclusion

For the reasons set forth above, the Petition for Writ of Habeas Corpus (ECF No. 4) will be GRANTED IN PART and DENIED IN PART. It will be GRANTED in that within ten (10) days of this Order, Acosta must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226(a). The petition will be DENIED to the extent it requests any additional relief.

An appropriate order follows.

Dated: November 10, 2026

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge